IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael Anthony Allen, ) | C/A No. 8:14-cv-03661-RMG-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Joseph L. McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on a motion for summary judgment filed by Respondent. [Doc. 24.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on September 9, 2014.[1] [Doc. 1.] On February 19, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 23, 24.] The following day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 25.] On February 27, 2015, the Clerk entered a letter from Petitioner, asking the Court to view the petition for writ of certiorari and the PCR

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, construing the filing date in the light most favorable to Petitioner, this action was filed on September 9, 2014. [Doc. 1 at 15 (Petition, signed by Notary Public on September 9, 2014).]

appendix when deciding this matter [Doc. 27], and on May 1, 2015, the Clerk entered Petitioner's response in opposition to Respondent's motion [Doc. 35].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Lieber Correctional Institution pursuant to orders of commitment of the Aiken County Clerk of Court. [Doc. 1.] In October 2006, Petitioner was indicted for armed robbery and carjacking, and in October 2008, Petitioner was indicted for grand larceny. [App. 303–04, 307–08, 311–12.[2]] On September 21, 2009, represented by Charles H. S. Lyons III ("Lyons"), Petitioner proceeded to a jury trial; however, on September 22, 2009, Petitioner pled guilty as indicted and received a sentence of twenty-four years for armed robbery, twenty years for carjacking, and five years for grand larceny, all sentences to run concurrently. [App. 1–228.]

**Direct Appeal**

Petitioner appealed, and Robert M. Pachak ("Pachak"), Appellate Defender with the South Carolina Commission on Indigent Defense, filed an *Anders* brief[3] on Petitioner's behalf. [Doc. 23-1.] The brief raised the following issue:

---

[2]The Appendix can be found at Docket Entry Number 23-9.

[3]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

2

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

[*Id.* at 4.] At the same time he filed the *Anders* brief, Pachak submitted a petition to be relieved as counsel. [*Id.* at 8.] On June 21, 2011, the South Carolina Court of Appeals dismissed the appeal and granted Pachak's motion to be relieved. [Doc. 23-2.] Remittitur was issued on July 7, 2011. [Doc. 23-3.]

**PCR Application**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on April 5, 2012. [App. 230–35.] Petitioner raised the following grounds for relief, quoted substantially verbatim:

> (a) ineffective assistance of counsel
>
> (b) failure to investigate
>
> (c) Denial of 6th and 14th Amends. U.S. Const.

[App. 231.] In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

> (a) Counsel did not render reasonable proff. assistance
>
> (b) Applicant reserves the right to amend this application to include all issues available and does not wave any

[App. 232.] The State filed a return dated May 30, 2012. [App. 236–41.]

An evidentiary hearing was held on January 23, 2013, at which Petitioner was represented by Christopher C. Johnson and Leland M. Malchow. [App. 248–91.] At the conclusion of the hearing, the PCR court denied relief. [App. 290.] On March 13, 2013, the PCR court filed an order denying and dismissing the PCR application with prejudice. [App. 292–301.]

3

Carmen v. Ganjehsani of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina. [Doc. 23-4.] The petition asserted the following as the issues presented:

> I. Whether the PCR court erred in finding that plea counsel provided effective assistance of counsel where Petitioner would have accepted the State's prior more favorable plea offer of fifteen (15) years had his plea counsel shown him the damaging surveillance footage that Petitioner was ultimately not made aware of until the first day of trial?
>
> II. Whether the PCR court erred in finding that plea counsel provided effective assistance of counsel where plea counsel failed to inform Petitioner that if he had continued with the trial, he could have requested a charge on the lesser included offense of strong-arm robbery and might have been convicted of this lesser offense?

[*Id.* at 3.] The State filed a return, dated April 16, 2014 [Doc. 23-5], and Petitioner filed a reply, dated May 6, 2014 [Doc. 23-6]. The Supreme Court of South Carolina denied the petition on August 7, 2014 [Doc. 23-7] and remitted the matter to the lower court on August 25, 2014 [Doc. 23-8].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on September 9, 2014. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:** Whether Petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama.
>
> *Supporting facts*: Petitioner was not advised by trial counsel prior to entering a plea of guilty that a jury would have to reach a unanimous verdict before the jury could convict.

4

    **GROUND TWO:**    The PCR Court erred in finding that plea counsel provided effective assistance of counsel.

    *Supporting facts:*    Petitioner would have accepted the State's prior, more favorable plea offer of fifteen (15) years had plea counsel shown Petitioner the damaging surveillance footage that Petitioner was ultimately not made aware of until the first day of trial.

    **GROUND THREE:**    The PCR Court erred in finding that plea counsel provided effective assistance of counsel.

    *Supporting facts:*    Counsel failed to inform Petitioner that if he had continued with the trial, he could have requested a charge on the lesser-included offense of strong arm robbery and might have been convicted of this lesser offense.

[Docs. 1 at 5–8.] As stated, Respondent filed a motion for summary judgment on February 19, 2015. [Doc. 24.] Petitioner filed responses in opposition on February 27, 2015 [Doc. 27] and May 1, 2015 [Doc. 35]. Accordingly, the motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's

position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and

procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (I) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if

---

[4]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to

11

file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such

an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION

In his response in opposition to the motion for summary judgment, Petitioner voluntarily withdraws and abandons Grounds One and Three. [Doc. 35 at 12.]

Accordingly, the Court considers these grounds to be withdrawn by Petitioner and will address only Ground Two.

In Ground Two, Petitioner argues Lyons was ineffective for failing to show Petitioner more damaging video surveillance footage until the day of the trial because, if Petitioner had seen this video surveillance footage earlier, he would have accepted the State's previous, more favorable plea offer of fifteen years.[5] Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts

---

[5]In his response in opposition to the motion for summary judgment, Petitioner refers to two prior plea offers—a five-year offer while he was represented by another attorney before Lyons and the fifteen-year offer while he was represented by Lyons. [Doc. 35.] However, the only offer alleged in the Petition is the fifteen-year offer. [Doc. 1 at 7.] Moreover, the only offer alleged in the petition for writ of certiorari to the Supreme Court of South Carolina was the fifteen-year offer [Doc. 23-4 at 3, 7–13]; accordingly, only allegations related to the fifteen-year offer are properly exhausted and, thus, reviewable by this Court.

> that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s

15

standard."[6] *Richter*, 131 S.Ct. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

---

[6] In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Regarding plea offers, the United States Supreme Court has held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, — U.S. —, 132 S.Ct. 1399, 1408 (2012); *see also Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 1384 (2012) (counsel may be found ineffective for unreasonably advising client to reject a plea offer).

Here, the PCR court evaluated plea counsel's performance under the standard set forth in *Strickland*. [App. 297–300.] The PCR court found, with respect to the Ground Two in this Petition,

> Applicant alleges that Counsel was ineffective for failing to advise him that there were two surveillance videos that would be used against him at trial; Applicant asserts that had he viewed the second video earlier, he would have accepted a plea offer from the State rather than proceeding to trial. After careful review based on the standard discussed above, this Court finds that the Applicant has failed to prove that Counsel was ineffective in regards to this allegation. Counsel's credible testimony reveals that he reviewed all discovery materials with Applicant and that the evidence was overwhelming. Counsel testified that this second video that Applicant viewed shortly before his trial could not have been dispositive in his decision to proceed to trial, as there was eyewitness testimony and identifications that strongly implicated Applicant was the perpetrator. Counsel testified that he consistently informed Applicant numerous times that the evidence against him would result in all but certain conviction. This Court finds that Counsel's performance was reasonable and effective.
>
> Additionally, this Court finds that Applicant was not prejudiced by any alleged deficient representation because there was overwhelming evidence of Applicant's guilt. Ford v. State, 314 S.C. 245, 442 S.E.2d 604 (1994) (where there is overwhelming evidence of guilt, a trial counsel's deficient representation will not be prejudicial). Therefore, this Court finds that this allegation must be denied and dismissed.

[App. 299–300.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme

Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*. At the PCR hearing, Petitioner testified that he saw the first video footage in April 2009 and that footage showed a subject wearing a heavy camouflage coat and a dark black cap. [App. 252:6–19.] Petitioner further testified that on the day of his trial, he saw a second video footage that showed a male at the counter with a heavy camouflage coat on with no hat and that he felt the second video was more condemning against the charges against him. [App. 253:13–54:1; 259:1–10.] When asked if he had seen the second video footage earlier, would he have been more likely to accept a plea offer from the state, Petitioner answered, "I may have, yes." [App. 259:11–14.] However, Petitioner also testified that other factors influenced or might have influenced his decision to plead guilty, including Lyons' failure to cross-examine one of the victims, failure to inform Petitioner that he could have pleaded to a lesser included offense of strong arm robbery, failure to advise Petitioner that a jury would have had to return a unanimous verdict to convict Petitioner, and failure to advise Petitioner of his right to remain silent. [App. 260:22–61:14; 261:17–25; 262:1–63:10.] Lyons testified that around the first day of trial, he and Petitioner watched the second part of the video that showed more active participation from a person that was no doubt Petitioner, but even after viewing that video, Petitioner had his mind made up that he was going to trial. [App. 280:3–25.] Lyons further testified that although the video would have helped to convict Petitioner, even without the video, Petitioner would have been convicted

because witnesses had picked him out of a lineup; he got apprehended while shoplifting at a shopping mall with the keys to the car he had stolen in his pocket; and the officers went out to the parking lot, put the key in the door, and opened the car. [App. 281:10–82:5.] The PCR court found that Lyons' credibility was "unquestionable" while Petitioner's credibility was "lacking." [App. 297.] Petitioner has not established that the PCR court's decision with respect to Lyons' failure to show Petitioner the second video until trial was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief on this ground.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

July 20, 2015
Greenville, South Carolina

19