IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony Allen, ) | |
| ) | No. 8:14-cv-03661-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Joseph L. McFadden, *Warden*, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 37), recommending that Respondent's Motion for Summary Judgment be granted. Petitioner has filed objections to the R & R. (Dkt. No. 45). For the reasons stated below, the Court **ADOPTS** the R & R. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 24) is **GRANTED**.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

The Court has carefully reviewed the pleadings, the parties' briefing, the R & R, and Petitioner's objections, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Petitioner has voluntarily withdrawn and abandoned Grounds One and Three of his Petition. (Dkt. No. 35 at 12). In the remaining Ground, Petitioner

alleges that plea counsel was ineffective by failing to show him the second surveillance video. (Dkt. No. 1 at 7). Petitioner alleges that he first saw this second video on the day of trial and that had counsel shown him this video, he would have accepted the State's prior, more favorable plea offer. (*Id.*; Dkt. No. 23-9 at 255).

"To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). The PCR Court found that Petitioner had not shown prejudice. (Dkt. No. 23-9 at 302). The Court agrees with the Magistrate Judge that this finding is not contrary to or an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts.[1]

Petitioner's own testimony under oath was only that he "may have" "been more likely to accept" the earlier plea offer if he had seen the video. (Dkt. No. 23-9 at 261). Petitioner's trial counsel testified that Petitioner "had made up his mind . . . he was going to trial one way or the other." (*Id.* at 282). As the PCR court found, there was "overwhelming" evidence of Petitioner's guilt that he had reviewed before rejecting the earlier plea deal, including another surveillance video of the gas station where the robbery occurred, the testimony of two eye witnesses that identified Petitioner, and testimony from officers that arrested Petitioner for shoplifting and discovered that he had the keys to the stolen car in his pocket. (*Id.* at 257-59). Despite this evidence, Petitioner was determined to go to trial. (*Id.*). Trial counsel testified that even without

---

[1] The Court makes no finding with regard to the deficient performance prong of *Strickland*.

the second video, "[t]his wasn't a case . . . that had any possibility . . . of him winning." (*Id.* at 283). Counsel so advised Petitioner, but he still insisted on going to trial. (*Id.* at 257-59). With this record, the Court does not find it unreasonable that the PCR Court found, no prejudice, i.e., that there was no reasonable probability that Petitioner would have accepted the earlier plea had he seen the second video.

Therefore, the Court **ADOPTS** the R & R, (Dkt. No. 37), and **GRANTS** Respondent's Motion for Summary Judgment, (Dkt. No. 24). The habeas petition is **DISMISSED WITH PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

//

//

//

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

September 28, 2015
Charleston, South Carolina